FILED
SUPERIOR COURT
OF GUAM

2021 NOV 22 PM 1:34

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No. CF0163-16** |
| | **GPD Report No.: 16-06885 / 16-06878/** |
| vs. | **16-07589/ 16-06267** |
| **DEREK JULIAN SALAS QUINATA,** | |
| DOB: 07/07/1994 | **DECISION AND ORDER** |
| | **GRANTING THE PEOPLE'S MOTION** |
| Defendant. | **TO REVOKE PROBATION** |

This matter came before the Honorable Dana A. Gutierrez on November 8, 2021 for a hearing on the People's Motion to Revoke Probation. Present in person were Defendant Derek Julian Salas Quinata ("Defendant"); Assistant Public Defender Ron Hanes representing Defendant; Assistant Attorney General Sean Brown representing the People of Guam (the "People"); and Probation Officer Maria Chaco. Based on the arguments presented by the parties, the Court now issues this Decision and Order **GRANTING** the People's Motion to Revoke Probation and setting a Sentencing Hearing for **November 24, 2021 at 10:30 a.m.**

### FACTUAL BACKGROUND

1. On November 17, 2016, the Defendant pleaded guilty to FORGERY (As a Third Degree Felony). *See* Plea Agreement (Nov. 28, 2016); Judgment (December 1, 2017).

2. On November 30, 2017, the Defendant was sentenced as follows:

> That for the charge of FORGERY(As a Third Degree Felony), Defendant was sentenced to one year imprisonment, all suspended, with credit for time served, to be followed by a three year term of supervised probation.

> Judgment, at 2 (December 1, 2017).

3. Defendant was released from confinement on the day of sentencing, pursuant to the Plea Agreement and Judgment. *See* Release from Confinement (Nov. 30, 2017).

4. On January 28, 2020, the Adult Probation Services Division ("Probation") filed a 1st Violation Report alleging that Defendant:

> Failed to perform and complete 100 hours community service;
> Failed to remit any payment towards the Court fine ($100) and Court cost ($80.00)
> Failed to remit any payment towards restitution ($185)

5. On July 15, 2020, Probation filed a 2nd Violation Report alleging that Defendant:

> Failed to obey all laws of Guam. On May 16, 2020, the Defendant appeared before Magistrate Judge Jonathan R. Quan for a Magistrate Hearing in reference to CF0265-20, Possession of a Schedule ll Controlled Substance (As a 3rd Degree Felony), Possession of a Firearms Without a Firearms Identification Card (As a 3rd Degree Felony), Possession of an Unregistered Firearm (As a 3rd Degree Felony), Violation of Court Order (As a Misdemeanor), a Counts, and Vehicle Without Identification (As a Misdemeanor). He was remanded on $5,000.00 cash bail.

6. The Court set the matter for a Violation Hearing on November 4, 2020.

7. Defendant did not appear for the November 4, 2020 hearing. However, at the hearing, Probation Officer Untalan informed the Court that Defendant was informed by his probation officer of the hearing date and time.

8. The Court set the matter for a Further Proceedings on November 25, 2020 and issued a Summons for Defendant to appear at the hearing.

9. The Summons was served on Defendant personally at his place of residence. *See* Affidavit of Service (Nov. 18, 2020).

10. The Defendant did not appear for the November 25, 2020 hearing. The Court issued a Bench Warrant and set bail at $300.00.

11. Defendant's three year probation term was set to expire on November 29, 2020; however, the issuance of the bench warrant tolled the expiration of the probationary term.

12. On January 4, 2021, the Defendant was located and returned to the Court. The Return of Warrant Service filed on January 4, 2021 indicates that Defendant self-surrendered to the Judiciary of Guam marshals after being informed of his active bench warrant.

13.     At the Return of Warrant hearing on January 4, 2021, Probation Officer Chaco informed the Court and Defendant what remained outstanding of his conditions of probation. The Court admonished Defendant to make efforts toward completing his conditions and getting back on track. The Defendant acknowledged that he understood he could face revocation of probation if he failed to make the necessary efforts to complete the conditions of his probation. The Court extended the probationary term for one year, making the expiration of Defendant's probation to be November 29, 2021. The Court released Defendant and set the matter for a Further Proceedings on February 5, 2021.

14.     Defendant appeared on February 5, 2021 for the hearing. Probation informed the Court that Defendant had arranged to begin working on his community service hours and that Defendant had an appointment scheduled for intake and assessment at Guam Behavioral Health and Wellness Center ("GBHWC") on February 9, 2021. The Court instructed Defendant to get his community service hours done and attend his appointment. The Court set a Further Proceedings for May 14, 2021.

15.     On May 14, 2021, the Defendant failed to appear for the hearing. The Court issued a Summons for Defendant to appear on June 18, 2021.

16.     The Summons was served on Defendant on June 2, 2021 personally. *See* Affidavit of Service (June 3, 2021).

17.     On June 3, 2021, Probation filed a Third Violation Report alleging that Defendant:

> Failed to report monthly. Last report was on 04/02/21 (via phone).
> Failed to make payments towards his Restitution at $185.00.
> Failed to make payments towards his Court Fine of $100.00.
> Failed to make payments towards his Court Cost of $80.00.
> Failed to attend his GBHW NB assessment on 04/15/21 .
> Failed to complete 100 hours of Community Service.

18.     On June 18, 2021, the Defendant failed to appear at the hearing despite being served with the Summons. Probation informed the Court that they lost contact with Defendant and the phone numbers he provided were no longer working. The Court issued a Bench Warrant for Defendant and set bail at $300.00.

3

19. On July 19, 2021, Defendant was arrested by GPD for execution of active bench warrants.

20. The Court committed the Defendant until the Return of Warrant hearing on July 23, 2021.

21. At the Return of Warrant hearing, the Defendant asserted that he had completed some conditions but he had not submitted the necessary documentation to Probation. The People orally requested to revoke the Defendant's probation. The Court informed Defendant that he would be released but admonished him to get the documentation to Probation and complete his outstanding conditions. The Court informed the People that if they desire to revoke probation, they can file a written motion. The Court informed Defendant that his next hearing would be on August 27, 2021 at 10:15 a.m. and included the date and time on his Release from Confinement Order.

22. On August 27, 2021, Defendant failed to appear. The Court issued a Summons for Defendant to appear on September 15, 2021 for a Status hearing.

23. The Summons was not served on Defendant. The Affidavit of Non-Service filed by Probation Officer Roland Untalan states: "Unable to execute service due to the suspension of field operations." However, when Defendant checked in to Probation via telephone on September 8, 2021, Probation informed Defendant of the September 15, 2021 hearing date and time. Min. Entry, at 9:34:00 AM (Sept. 15, 2021).

24. On September 13, 2021, Probation filed a Fourth Violation Report alleging that Defendant :

> Failed to make payments towards his Restitution at $185.00.
> Failed to make payments towards his Court Fine of $100.00.
> Failed to make payments towards his Court Cost of $80.00.
> Failed to attend his GBHW NB assessments (no show 3 times).
> Failed to complete Community Service Balance of 96.5 hours.

25. On September 14, 2021, the People filed their Motion to Revoke Probation.

26. On September 15, 2021, Defendant failed to appear for the hearing. The Court issued a Bench Warrant and set bail at $300.00.

27. The Defendant filed an Opposition to the People's Motion to Revoke on September 21, 2021.

28. On September 27, 2021, Probation filed a Fifth Violation Report alleging that Defendant:

> Failed to obey all laws of Guam. On September 25, 2021, the probationer appeared before Magistrate Judge Jonathan R Quan and was charged with Possession of a Firearm with Firearms ID (As a 3rd Degree Felony), Possession of an Unregistered Firearm (As a 3rd Degree Felony), Discharge of Firearm (As a Misdemeanor), and Reckless Conduct (As a Misdemeanor) in CF0473-21. The probationer is scheduled to appear before the Honorable Arthur R. Barcinas for a Preliminary Hearing on October 5, 2021.

29. On September 27, 2021, a Return of Warrant Service was filed indicating that the Bench Warrant was served on Defendant when he was arrested in his new case. The Court committed Defendant until his Return of Warrant hearing on September 28, 2021.

30. On September 28, 2021, the Court set the People's Motion to Revoke Probation for a hearing on October 14, 2021. The Court committed Defendant on a $2,000.00 cash bail. The Court issued a Penal Summons to Defendant noting that the People moved to revoke his probation.

31. On October 14, 2021, the Court called the case for the revocation hearing. Attorney Sean Brown appeared on behalf of the People. Public Defender Service Corporation failed to appear on behalf of Defendant. However, the Court informed the Attorney General's Office and Probation that the Court received information that Defendant was being held in COVID-19 isolation at the Department of Corrections. Based on that information, the People did not oppose a continuance of the hearing. Accordingly, the Court continued the revocation hearing until November 8, 2021 and issued another Penal Summons to Defendant noting that the People have moved to revoke his probation.

32. At the hearing on November 8, 2021, Probation confirmed the outstanding conditions of Defendant's probation remained as reflected in Probation's September 13, 2021 Fourth Violation Report.

33.     In opposition to revocation, Defendant argued that if revoked, the cost to incarcerate him would exceed the amounts owed on the remaining balance of his restitution, court costs, and fines.  Further, Defendant asserts that he has worked out a plea agreement in an unrelated case which would place him under the jurisdiction of the Adult Drug Court and allow him to obtain counseling through those services.  The Defendant wrote a statement which his counsel read to the Court expressing his request for leniency and informing the Court that Defendant has requested outpatient treatment from the Lighthouse Recovery Center.

34.     The People emphasized that their Motion to Revoke Probation is only based on the First, Third, and Fourth Violation Reports filed against Defendant.  The People noted that regardless of any new cases Defendant may have, Defendant has demonstrated he cannot be trusted to complete the conditions of his probation in this case, including community service and treatment at GBHWC.  The People also argued that this Court has already extended Defendant's probationary term once and that Defendant has now had nearly four years to complete the terms of probation in this case.

35.     Based on the arguments and evidence presented, the Court took the matter under advisement.

## DISCUSSION

### A.     Defendant Received Notice and an Opportunity to Be Heard Before Revocation.

The Court may not order revocation of probation unless the offender is provided with written notice of the grounds for revocation of probation.  9 G.C.A. § 80.68(a).  At the revocation hearing, the offender "shall have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." *Id.*

Here, the Defendant was served with a Penal Summons informing him that the People of Guam moved to revoke his probation based on his alleged failure to complete the terms of his Plea Agreement, including failure to pay court costs, fines and restitution, failure to complete community service hours, or complete his scheduled assessments at GBHWC.  The Penal Summons instructed the Defendant to attend the revocation hearing on November 8, 2021 and

that at the hearing he may cross-examine the People's witnesses and present evidence in opposition to the People's Motion.

At the revocation hearing on November 8, 2021, the Court allowed Defendant an opportunity to present his opposition and listened to counsel read Defendant's written statement to the Court. Therefore, Defendant properly received notice of the grounds for revocation and was provided with an opportunity to present his opposition.

### B. Defendant Violated Substantial Conditions of His Probation.

Guam law specifies the procedures that the Court must follow for revocation of probation as follows:

> [T[he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension of probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

9 G.C.A. § 80.66(a)(2). Under this statute, probation revocation is a two-step process. First, the Court must make a factual determination that Defendant has violated a substantial condition of his probation. *People v. Camacho*, 2009 Guam 6 ¶ 27.

Pursuant to Defendant's Plea Agreement, Defendant agreed, *inter alia*, to the following conditions of probation:

> Defendant shall report to the Guam Behavioral Health and Wellness Center (GBHWC) for intake and a drug and alcohol assessment by a qualified substance abuse counselor, and follow all treatment plans as may be recommended by the GBHWC counselor.
> Defendant shall obey all local and federal laws.
> Defendant shall pay a fine of $100.00, plus court costs of $80.00.
> Defendant shall perform 100 hours of community service with the Probation Services Division (convertible to fine).
> The Defendant shall be liable to the Agat Kimchee Store, for restitution. Restitution amount pursuant to plea agreement. $185.00.
> Defendant is ordered to report to Guam Behavioral Health and Wellness Center and set up an appointment for an assessment within two weeks of the date of sentencing.

Plea Agreement, at 5-6 (Nov. 28, 2016). As of the date of the revocation hearing, Probation informed the Court that Defendant:

Failed to make payments towards his Restitution at $185.00.
Failed to make payments towards his Court Fine of $100.00.
Failed to make payments towards his Court Cost of $80.00.
Failed to attend his GBHW NB assessments (no show 3 times).
Failed to complete Community Service Balance of 96.5 hours.

Thus, after nearly four (4) years on probation, out of all the conditions of Defendant's probation, Defendant has only completed 3.5 hours of community service. At the revocation hearing, Defendant did not dispute that he has failed to complete the conditions or that his failure to complete is excusable. Rather Defendant argued that completion of 3.5 hours of community service demonstrates that he is taking steps in the right direction. Min. Entry, at 10:32:09 AM (Nov. 8, 2021).

Therefore, as it is uncontested, this Court finds that Defendant has inexcusably violated substantial conditions of his probation by failing, after four years, to make payments towards the ordered and agreed upon community service hours, restitution, court fines and costs, and by failing to attend his scheduled appointments at GBHWC.

### C.    Defendant's Violations Warrant Revocation.

Pursuant to 9 G.C.A. § 80.66(a)(2), the Court may revoke probation if it finds that revocation will "best satisfy the ends of justice and the best interests of the public." Therefore, the second step in a revocation of probation proceeding is a determination as to whether the violation warrants revocation. *Camacho*, 2009 Guam 6 ¶ 27. "The goal of a [probation] revocation hearing is . . . to determine whether the defendant remains a good risk for probation." *People v Manila*, 2005 Guam 6 ¶ 3. Probation is not a right to which a defendant is entitled, but rather a favor granted by the state. *Camacho*, 2009 Guam 6 ¶ 26.

The chronology of this case persuades the Court that Defendant no longer remains a good candidate for probation. Since the First Violation Report was filed by Probation on January 28, 2020, Defendant has failed to appear for a total of six (6) scheduled hearings before this Court. Defendant's failure to appear has required the expenditure of judicial resources to execute three (3) bench warrants in order to bring the Defendant before this Court to answer to the alleged

violations of his probation. At the return of warrant hearings for the first two bench warrants, the Defendant was admonished to take steps towards the completion of his probation and he acknowledged his understanding that if he failed to do so, such failure may result in revocation of his probation. Min. Entry (Jan. 4, 2021); Min. Entry (July 23, 2021).

Regarding the agreed upon conditions of his probation, Defendant completed no conditions during the initially agreed upon three year probationary term. Since the Court's extension of his probation term on January 4, 2021, Defendant continued to miss his appointments at GBHWC, did not make any payments toward his balances owed, and only completed 3.5 out of 100 community service hours.

The Defendant has demonstrated that he can no longer be trusted to complete the conditions of his probation. In light of the record, it is highly unlikely that, if given a second extension of probation, Defendant would comply with the conditions of his probation and the Court's orders. Therefore, the Court finds that revocation is in the public's best interest and satisfies the ends of justice. *See* 9 G.C.A. § 80.66(a)(2).

## CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** the People's Motion to Revoke Probation and **ORDERS** that the Defendant's probation in the above-captioned matter is hereby **REVOKED**. A Sentencing Hearing shall be held on **November 24, 2021 at 10:30 a.m.** in order to impose the sentence as set forth in the Plea Agreement and Judgment.

**SO ORDERED**: _____22 NOV 2021_____

**HONORABLE DANA A. GUTIERREZ**
**Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
_____AG, PDSC_____

Date: 11/22/21  Time: 1:56

Deputy Clerk, Superior Court of Guam